IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHNATHAN HATCH; MARK DVORSKY; and SHATERIKA NICHOLSON, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:16CV925 |
| MICHAEL A. DEMAYO, individually; THE LAW OFFICES OF MICHAEL A. DEMAYO, P.C.; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; JASON E. TAYLOR, individually; LAW OFFICES OF JASON E. TAYLOR, P.C.; BENJAMIN T. COCHRAN, individually; HARDISON & COCHRAN, PLLC; CARL B. NAGLE, individually; NAGLE & ASSOCIATES, P.A.; JOHN J. GELSHENEN, individually; DAVIS & GELSHENEN LLP; MARK I. FARBMAN, individually, MARK FARBMAN, P.A.; TED A. GREVE, individually; TED A. GREVE & ASSOCIATES, P.A.; CHRISTOPHER T. MAY, individually and ESTWANIK AND MAY, P.L.L.C, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* (ECF Nos. 1, 5.) Defendants subsequently filed two motions to dismiss Plaintiffs' First Amended Complaint, (ECF Nos. 21, 23), which were denied by this Court in its Memorandum Opinion and Order entered September 29, 2017 ("September 29 Order"), (ECF No. 35). Before the Court is

Defendants' Motion to Certify Order for Interlocutory Appeal ("Motion to Certify"), (ECF No. 36).[1]  For the reasons set forth below, Defendants' Motion to Certify will be denied.

I.   BACKGROUND

The Court incorporates by reference the factual background set forth in its September 29 Order, (ECF No. 35).

II.  DISCUSSION

Defendants "move the Court to certify for appeal its Order denying Defendants' [m]otions to [d]ismiss . . . entered September 29, 2017." (ECF No. 36 at 1.)  Defendants argue that the September 29 Order "rests on three controlling questions of law[2] about which there is substantial ground for difference of opinion," and further, "[a]n immediate appeal from the Order may materially advance the ultimate termination" of this case.  (*Id.* at 1, 3.)  Plaintiffs argue, in response, that the motion should be denied because Defendants have failed to show that there is substantial ground for disagreement as to a controlling question of law.  (ECF No. 39 at 3–7.)

Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal in instances where the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

---

[1] Defendants have also filed a Motion for Reconsideration of the Court's Ruling on their Motion to Dismiss and Alternative Motion for Judgment on the Pleadings, (ECF No. 45).  That motion is currently pending before the Court and will be addressed in a forthcoming Order.

[2] The Court declines to adopt Defendants' characterization of the "controlling questions of law" in the Court's September 29 Order.  The Order speaks for itself.

2

litigation." 28 U.S.C. § 1292(b); *Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 356 n.5 (4th Cir. 2014). The Fourth Circuit has cautioned that Section 1292(b) "should be used sparingly and thus . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Accordingly, if any requirement is not satisfied, certification is inappropriate. *In re Charlotte Commercial Grp., Inc.*, No. 01-52684C-11W, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003).

Importantly, as explained by the Fourth Circuit, "[t]he immediate appeal of a certified question is an extraordinary remedy" that is "not to be granted lightly." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (per curiam). Rather, it is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* (citation omitted). Thus, even in instances where all requirements for certification are satisfied, "the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (internal quotation omitted). The party seeking certification bears the burden of persuading the court that exceptional circumstances exist. *Fannin*, at *2.

Here, despite Defendants' arguments, the Court is not persuaded that there is substantial ground for difference of opinion as to controlling questions of law to warrant certification of the September 29 Order. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013) (citation omitted). Further, "just any simple disagreement between courts will not merit certification." *Cooke-Bates v. Bayer*

3

*Corp.*, No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010). A substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. *Id.* The mere fact, however, that an issue is one of first impression or that there is a lack of unanimity among courts is insufficient to satisfy this prong. *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010). Moreover, differences in opinion among district courts outside the governing circuit do not mandate a finding that there is substantial ground for difference of opinion. *See Cross v. Suffolk City Sch. Bd.*, No. 2:11cv88, 2011 WL 2838180, at *3 n.1 (E.D. Va. July 14, 2011) (concluding that cases from district courts outside the Fourth Circuit "do not persuade th[e] court that there is a substantial ground for difference of opinion").

Indeed, Defendants have cited to a number of cases (including cases provided to the Court as suggestions of subsequently decided authority),[3] in support of their argument that there is substantial ground for difference of opinion as to the issues as framed by Defendants, namely: (1) "Do Plaintiffs have standing to assert a claim against Defendants?"; (2) "Can Defendants be liable for obtaining, using, or disclosing formerly private information that had already been made public by law enforcement?"; and (3) "Can Defendants be liable for

---

[3] Cases cited by Defendants in their briefing on the instant motion include: *Fontanez v. Skepple*, 563 F. App'x 847 (2d Cir. 2014); *Murray v. Marchbanks*, No. 4:16-cv-198 SNLJ, 2017 WL 2964015 (E.D. Mo. June 19, 2017); *Potocnik v. Carlson*, No. 13-CV-2093, 2016 WL 3919950 (D. Minn. July 15, 2016); *Pavone v. Law Offices of Anthony Mancini, Ltd.*, 118 F. Supp. 3d 1004 (N.D. Ill. 2015); *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 10-1001-GMS, 2012 WL 426018 (D. Del. Feb. 9, 2012), *aff'd*, No. 12-1654 (3d Cir. Oct. 24, 2012); *Ocasio v. Riverbay Corp.*, No. 06 Civ. 6455, 2007 1771770 (S.D.N.Y. June 19, 2007); *Figueroa v. Taylor*, No. 06 Civ. 3676 PACKNF, 2006 WL 3022966 (S.D.N.Y. Oct. 23, 2006); *Luparello v. Incorporated Village of Garden City*, 290 F. Supp. 2d 341 (E.D.N.Y. 2003); *O'Brien v. Quad Six, Inc.*, 219 F. Supp. 2d 933 (N.D. Ill. 2002); *Mattivi v. Russell*, No. CIV.A. 01-WM-533(BNB), 2002 WL 31949898 (D. Colo. Aug. 2, 2002); *Ark. State Police v. Wren*, 491 S.W.3d 124 (Ark. 2016). (ECF No. 36 at 1–2; ECF No. 43 at 3–6.)

4

obtaining, using, or disclosing information that did not come directly from a motor vehicle record?" (ECF No. 37 at 3.) The vast majority of these cases, however, are from courts outside this jurisdiction and thus, "do not persuade th[e] [C]ourt that there is substantial ground for difference of opinion" so as to warrant certification of the Court's September 29 Order.

The only cases cited by Defendants from within our governing circuit address the issues of standing and the scope of liability under the DPPA. With respect to standing, the mandatory authority cited by Defendants include *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as well as three recent Fourth Circuit opinions: *Trapp v. SunTrust Bank*, 699 F. App'x 144 (4th Cir. 2017) (per curiam); *Dreher v. Experian Info Sols., Inc.*, 856 F.3d 337 (4th Cir. 2017); and *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017). In citing these cases, Defendants argue that the proper inquiry is whether Plaintiffs have alleged a concrete injury such that they have standing under Article III of the Constitution. (ECF No. 43 at 9.)

The Court finds no grounds for difference of opinion with respect to the issue of standing. In *Spokeo*, *Trapp*, *Dreher*, and *Beck*, the Supreme Court and the Fourth Circuit reiterated that in order to establish the first element of Article III standing, a plaintiff must plausibly allege a concrete injury.[4] *See Spokeo*, 136 S. Ct. at 1547–49; *Trapp*, 699 F. App'x at 145; *Dreher*, 856 F.3d at 344–47; *Beck*, 848 F.3d at 270–71. Likewise, this Court, in its September 29 Order discussed that a concrete injury must actually exist in order for Plaintiffs

---

[4] Article III standing also requires a plaintiff to plausibly allege that his injury "is fairly traceable" to defendant's challenged conduct, and that his injury "is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. As the Court noted in its September 29 Order, these "remaining two elements of the standing analysis [were] not in dispute." (ECF No. 35 at 13.)

5

to have Article III standing. (ECF No. 35 at 6–13.) For the reasons discussed in the Court's September 29 Order, the Court concluded that Plaintiffs had plausibly alleged concrete injuries sufficient to establish Article III standing. (*Id.*) While it is clear that Defendants disagree with the Court's application of standing law to the allegations in this case, a party's disagreement with the Court is not enough to support certification. *See Cooke-Bates*, 2010 WL 4789838, at *2 ("An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law.").

With respect to the scope of liability under the DPPA, Defendants cite to the following Supreme Court cases: *Reno v. Condon*, 528 U.S. 141 (2000) and *Fla. Star v. B.J.F.*, 491 U.S. 524 (1989). Defendants argue that these cases demonstrate a conflict between Supreme Court decisions and the Court's analysis as to whether Defendants' alleged conduct could subject them to liability under the DPPA. (*See* ECF No. 43 at 2–9.) The Court is not persuaded that such a conflict exists given that: (i) in *Reno*, while the Court discusses that State DMVs and private persons who have obtained personal information from a State DMV are subject to the DPPA's provisions, 528 U.S. at 146, the Court's holding does not go as far as Defendants suggest to limit liability *solely* to those two categories of parties; and (ii) in *Fla. Star*, the Supreme Court addressed the narrow question of whether imposing liability on a newspaper for its publication of a victim's personal information, obtained from a publicly released police report, violated the First Amendment, 491 U.S. at 526, 530–41.

Nor is the Court persuaded that an interlocutory appeal will materially advance the ultimate termination of this litigation. An interlocutory appeal would likely impede, rather than expedite, the progress of this case, thereby potentially prolonging its disposition, creating

6

more litigation and expense, and causing an inefficient use of judicial resources. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *see also Big Rock Sports, LLC v. AcuSport Corp.*, No. 4:08-CV-159-F, 2011 WL 579095, at *2 (E.D.N.C. Feb. 9, 2011) (stating that "a district court must keep in mind the strong congressional policy against . . . obstructing or impeding an ongoing judicial proceeding by interlocutory appeals" (internal quotation marks omitted)). In addition, a complete factual record developed during the course of litigation will "greatly enhance the ultimate review of all issues in the Court of Appeals." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 910 (E.D. Va. 2005).

Further, even if the requirements of section 1292(b) had been satisfied, Defendants have failed to show that there are "exceptional circumstances" to justify certification of the September 29 Order. *Manion*, 966 F. Supp. 2d at 567. Accordingly, this Court is not persuaded that this case presents an exception to the general rule that "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). In light of the above, the Court declines, in its discretion, to certify its September 29 Order for interlocutory appeal, and Defendants' motion will be denied.

For the reasons stated herein, the Court enters the following:

**[ORDER FOLLOWS ON NEXT PAGE]**

# ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Certify, (ECF No. 36), is DENIED. Further, Defendants' request for a stay of this matter pending disposition of the instant Motion to Certify is DENIED AS MOOT.

This, the 29th day of September, 2018.

/s/ Loretta C. Biggs
United States District Judge
