IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN HATCH, MARK DVORSKY, and SHATERIKA NICHOLSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL A. DEMAYO, individually; THE LAW OFFICES OF MICHAEL A. DEMAYO, P.C.; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; JASON E. TAYLOR, individually; LAW OFFICES OF JASON E. TAYLOR, P.C.; BENJAMIN T. COCHRAN, individually; HARDISON & COCHRAN, PLLC; CARL B. NAGLE, individually; NAGLE & ASSOCIATES, P.A.; JOHN J. GELSHENEN, individually; DAVIS & GELSHENEN LLP; MARK I. FARBMAN, individually, MARK FARBMAN, P.A.; TED A. GREVE, individually; TED A. GREVE & ASSOCIATES, P.A.; CHRISTOPHER T. MAY, individually and ESTWANIK AND MAY, P.L.L.C;<br><br>Defendants. | ) | 1:16CV925 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq*. (ECF Nos. 1, 5.) Defendants subsequently filed two motions to dismiss Plaintiffs' First Amended Complaint (the "Complaint"), (ECF Nos. 21, 23), each of which were denied by this Court in its Order entered September 29, 2017 ("September 29 Order"), (ECF No. 35). Filed

contemporaneously with the Court's September 29 Order was a memorandum of law wherein the Court discussed the basis for its Order ("September 29 Memorandum Opinion"). (*Id.*). Before the Court is a pleading filed by Moving Defendants[1] captioned "Moving Defendants' Motion for Reconsideration of the Court's Ruling on their Motion to Dismiss and Alternative Motion for Judgment on the Pleadings." (ECF No. 45.) Though captioned in the alternative, these are two independent motions housed in the same pleading.[2] For the reasons set forth below, Moving Defendants' motion to reconsider will be granted in part and denied in part, and Moving Defendants' motion for judgment on the pleadings will be denied.

## I. BACKGROUND

The Court incorporates by reference the factual background set forth in its September 29 Memorandum Opinion, (ECF No. 35).

## II. LEGAL STANDARDS

### A. Rule 54(b) (Motion to Reconsider)

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). "Said power is committed to the discretion of the district

[1] The following Defendants have joined in the instant motion: Mark I. Fabman and Mark Farbman, P.A. (*See* ECF No. 45.)

[2] This Court's Local Rule 7.3(a) requires that "[e]ach motion shall be set out in a separate pleading." LR 7.3(a).

court" and may be exercised as justice requires. *Am. Canoe Ass'n*, at 515. The Fourth Circuit has held that Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," under Rule 59(e). *Id.* at 514. Nonetheless, courts in this Circuit have frequently looked to the standards under Rule 59(e) for guidance in considering motions for reconsideration under Rule 54(b).[3] Accordingly, reconsideration under Rule 54(b), like Rule 59(e), "is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Although Rule 54(b) motions for reconsideration are held to a less stringent standard than motions under Rule 59(e), such motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *Id.* at 793.

**B. <u>Rule 12(c) (Motion for Judgment on the Pleadings)</u>**

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). Like a Rule 12(b)(6) motion, "[a] Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Unlike when deciding a Rule

---

[3] *See, e.g., South Carolina v. United States*, 232 F. Supp. 3d 785, 792–93 (D.S.C. 2017); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 1435674, at *3 (N.D.W. Va. Apr. 25, 2012).

12(b)(6) motion to dismiss, the Court, when deciding a motion for judgment on the pleadings, may consider the Answer. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). The factual allegations contained in the Answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. 1991). Because the plaintiff is not required to reply to the Answer, "all allegations in the [A]nswer are deemed denied." *Id.* at 332. The defendant cannot therefore "rely on allegations of fact contained only in the [A]nswer, including affirmative defenses, which contradict Plaintiffs' complaint." *Id.*

A court should grant a motion for judgment on the pleadings "only . . . if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## III. DISCUSSION

### A. Motion for Reconsideration

#### *1. The DPPA's applicability to Defendants' alleged conduct*

In their motion, Moving Defendants first argue that reconsideration "is appropriate because the DPPA does not regulate private actors who do not obtain personal information directly from a state DMV." (ECF No. 46 at 5.) According to Moving Defendants, this Court cannot ascribe "DPPA liability to Moving Defendants when they did not *obtain* the challenged information *from a state DMV*." (*Id.* at 8.) This argument, which was previously raised by Moving Defendants throughout the parties' extensive briefing on the motions to dismiss, was

fully considered and addressed by the Court in its September 29 Memorandum Opinion. (*See* ECF No. 35 at 15–16.) Moving Defendants present no new argument which could not have been presented in the original briefing. "It is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks omitted); *see also Broadvox-CLEC, LLC v. AT & T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015) ("Notably, a motion for reconsideration is not a license for a losing party[ ] . . . to get a second bite at the apple." (internal quotation marks omitted)); *Hinton v. Henderson*, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) ("[A] [Rule 54(b)] motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." (internal citations and quotation marks omitted)).

Thus, because Moving Defendants simply restate an argument previously considered and rejected by the Court with respect to the issue of whether the DPPA applies to their alleged conduct, and further, because Moving Defendants have failed to establish any basis under Rule 54(b) for reconsideration of this issue, the Court will deny Moving Defendants' motion for reconsideration related to this issue.

*2. First Amendment / Commercial Speech*

Moving Defendants next argue that the Court committed a clear error of law in arriving at its conclusion in the September 29 Memorandum Opinion that the First Amendment did not apply to the speech at issue. (*See* ECF No. 46 at 2.) Moving Defendants contend that the Court failed to consider the "content" of Defendant's speech, as required by *Central Hudson*

*Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980). (ECF No. 46 at 2, 9–11.) Moving Defendants further argue that "the Court focused on whether Defendants' speech allegedly violated the DPPA," and should have instead "considered the lawfulness *of the transaction* proposed by Defendants' commercial speech." (*Id.* at 10 (citing *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 638 (1985).) Moving Defendants are correct—this was error. The Court will, therefore, reconsider its analysis of whether the First Amendment is applicable to Defendants' speech.

Here, the speech at issue is attorney advertising, (ECF No. 35 at 21), which, as stated in the September 29 Memorandum Opinion, (*id.*), is a form of commercial speech, *Shapero v. Ky. Bar Ass'n*, 486 U.S. 466, 472 (1988) ("Lawyer advertising is in the category of constitutionally protected commercial speech." (citing *Bates v. State Bar of Ariz.*, 433 U.S. 350, 383 (1977)). "[C]ommercial speech is 'usually defined as speech that does no more than propose a commercial transaction.'" *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 284 (4th Cir. 2013) (en banc) (quoting *United States v. United Foods, Inc.*, 533 U.S. 405, 409 (2001)); *see Cent. Hudson*, 447 U.S. at 561 (defining commercial speech as "expression related solely to the economic interests of the speaker and its audience"). Such speech is entitled to First Amendment protection when it is not false, misleading, nor related to unlawful activity. *See id.* at 563–64; *see also Zauderer*, 471 U.S. at 638 (explaining that the First Amendment does not protect speech that "proposes an illegal transaction" or "concern[s] unlawful activities"); *see also Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 388–89 (1973) (explaining that the State may prohibit commercial speech related to illegal activity).

Although commercial speech is protected by the First Amendment, "the Constitution . . . accords a lesser protection to commercial speech than to other constitutionally guaranteed expression." *Cent. Hudson*, 447 U.S. at 562–63. Specifically, "under *Central Hudson*, a restriction on commercial speech must withstand 'intermediate scrutiny' in order to survive a First Amendment challenge."[4] *Educ. Media Co. at Va. Tech, Inc. v. Insley*, 731 F.3d 291, 297 (4th Cir. 2013) (quoting *Cent. Hudson*, 447 U.S. at 573)). Thus, in considering Moving Defendants' First Amendment challenge to the DPPA's restrictions as applied to their alleged conduct,[5] the Court must apply the *Central Hudson* test. Under this test, Plaintiffs, as the party seeking to uphold the DPPA's restriction on Moving Defendants' commercial speech, must "carr[y] the burden of justifying it." *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 71 n.20 (1983).

In *Central Hudson*, the Supreme Court articulated the following four-part intermediate scrutiny test to determine the constitutionality of restrictions on commercial speech:

---

[4] In their motion, Moving Defendants argue, in a footnote, that "*Sorrell* [*v. IMS Health Inc.*, 564 U.S. 552 (2011),] requires that 'heightened scrutiny' be applied to content-based burdens on protected expression—regardless of whether the expression is also considered 'commercial speech.'" (ECF No. 45 at 4 n.1 (quoting *Sorrell*, 564 U.S. at 565–66).) However, in *Sorrell*, the Court did not abrogate the *Central Hudson* test for restrictions on commercial speech. *See Sorrell*, 564 U.S. at 572 (citing *Central Hudson* in its description of the elements of a commercial speech inquiry). Rather, the Supreme Court acknowledged "that restrictions on protected expression are distinct from restrictions on economic activity," and it reiterated the longstanding principle of First Amendment jurisprudence that content- and speaker-based regulation of protected speech is subject to strict scrutiny. *Id.* at 566–67 ("The First Amendment requires heightened scrutiny whenever the government creates 'a regulation of speech because of disagreement with the message it conveys.'" (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)). The Court further determined that the Vermont law at issue in *Sorrell* "impose[d] a burden based on the content of speech and the identity of the speaker." *Id.* at 567. Thus, the Court found that because the Vermont law "[was] designed to impose a specific, content-based burden on protected expression[,]. . . [i]t follow[ed] that heightened judicial scrutiny [was] warranted." *Id.* at 565.

[5] Plaintiffs have alleged that Defendants knowingly obtained, used and disclosed personal information from a motor vehicle record in violation of the DPPA. (ECF No. 5 ¶¶ 77–88.)

(1) to receive any First Amendment protection, commercial speech "must concern lawful activity and not be misleading";

(2) the asserted government interest must be "substantial" to justify the restriction;

(3) the restriction must "directly advance[ ] the governmental interest asserted;" and

(4) the restriction must not be "more extensive than is necessary to serve that interest."

*Central Hudson*, 447 U.S. at 566.

The Fourth Circuit has held that "*Central Hudson* applies to both facial and as-applied challenges" to the constitutionality of a law. *Educ. Media*, 731 F.3d at 298. A party asserting a facial challenge "may demonstrate that no set of circumstances exists under which the law would be valid," or "that the law is overbroad because a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at 298 n.5 (internal quotation marks omitted). In contrast, where, as here, a party asserts an as-applied challenge, such a challenge is "based on a developed factual record and the application of a statute to a specific [party]." *Id.* (quoting *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc). "[T]o assess an as-applied challenge, the court must have substantial record evidence with which to evaluate the claim." *United States v. Sherman*, 797 F. Supp. 2d 709, 711 (W.D. Va. 2011) (internal quotation marks omitted). *See H.B. Rowe Co. v. Tippett*, 615 F.3d 233, 243 (4th Cir. 2010) ("Where substantial record evidence exists as to the application of the challenged statutory scheme, a court has the concrete facts necessary to assess such an as-applied challenge." (internal quotation marks omitted)).

The parties do not appear to contest the first *Central Hudson* factor—that the content of the commercial speech at issue is not misleading and concerns lawful activity. In the absence of a developed record, however, the Court cannot, at this stage of the litigation, determine whether, as applied to Moving Defendants' alleged conduct, the DPPA satisfies the remaining *Central Hudson* factors. Plaintiffs' claim is, therefore, not subject to dismissal, at this time, on First Amendment grounds. *See RCP Publ'ns Inc. v. City of Chicago*, 204 F. Supp. 3d 1012, 1019 (N.D. Ill. 2016) (finding that "[w]ithout a more developed record," determining whether a city ordinance was an unconstitutional restriction on speech in violation of the First Amendment could not be resolved at the motion to dismiss stage). Accordingly, the ruling by this Court in its September 29 Order denying Moving Defendants' motion to dismiss the Complaint on these grounds is unchanged and shall remain in full force and effect.

**B. <u>Alternative Motion for Judgment on the Pleadings</u>**

Moving Defendants also argue, in the alternative, that "the arguments raised [in their motion for reconsideration and supporting brief] also support entry of judgment on the pleadings." (ECF No. 45 at 2 (citing Fed. R. Civ. P. 12(c); ECF No. 46 at 4 (citing Fed. R. Civ. P. 12(c).) On a motion for judgment on the pleadings, the Court must determine whether, considering the pleadings, which now include Moving Defendants' Answer,[6] Moving Defendants are entitled to judgment as a matter of law. *See Smith v. McDonald*, 562 F. Supp. 829, 842 (M.D.N.C. 1983) (finding that "[t]he test applicable for judgment on the pleadings is

[6] Following entry of the Court's September 29 Order, Moving Defendants filed an Answer. (ECF No. 40.) The Answer includes affirmative defenses which, as previously stated, cannot be considered by the Court. *See Jadoff*, 140 F.R.D. at 332 ("For the purposes of [a Rule 12(c)] motion, Defendant[s] cannot rely on allegations of fact contained only in the answer, including affirmative defenses, which contradict Plaintiffs' complaint.").

whether or not . . . the case can be decided as a matter of law"), *aff'd*, 737 F.2d 427 (4th Cir. 1984), *aff'd*, 472 U.S. 479 (1985).

Here, the Answer filed by Moving Defendants does not raise any new, uncontested facts which alter the findings and conclusions of law discussed above, as well as those discussed in the Court's September 29 Memorandum Opinion. Nor does consideration of Moving Defendants' Answer entitle them, at this juncture, to judgment as a matter of law on any of Plaintiffs' claim. The Court will, therefore, deny Moving Defendants' alternative motion for judgment on the pleadings.

## IV. CONCLUSION

The Court concludes that Moving Defendants' motion to reconsider the September 29 Order will be denied to the extent that it seeks modification of the Order entered. The motion to reconsider will be granted, however, to the extent that it seeks correction of the Court's failure, in its September 29 Memorandum Opinion, to apply the *Central Hudson* analysis to Moving Defendants' speech to determine whether the DPPA's restriction on such speech is constitutionally permissible. Finally, Moving Defendants' motion for judgment on the pleadings will be denied.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Moving Defendants' pleading entitled, "Motion for Reconsideration of the Court's Ruling on their Motion to Dismiss and Alternative Motion for Judgment on the Pleadings," (ECF No. 45), is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to the extent Moving Defendants seek modification of

the Court's September 29 Order denying Moving Defendants' motion to dismiss Plaintiffs' Complaint, and to the extent that it seeks judgment on the pleadings in favor of Moving Defendants.

The motion is GRANTED to the extent that the Court has corrected the failure in its September 29 Memorandum Opinion to apply the *Central Hudson* analysis to Moving Defendants' speech to determine whether the DPPA's restriction on such speech is constitutionally permissible. This error, however, does not alter the ultimate ruling in the September 29 Order.

This, the 15th day of November, 2018.

/s/ Loretta C. Biggs
United States District Judge