IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN HATCH, MARK DVORSKY, and SHATERIKA NICHOLSON, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:16CV925 |
| MICHAEL A. DEMAYO, individually; THE LAW OFFICES OF MICHAEL A. DEMAYO, P.C.; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; JASON E. TAYLOR, individually; LAW OFFICES OF JASON E. TAYLOR, P.C.; BENJAMIN T. COCHRAN, individually; HARDISON & COCHRAN, P.L.L.C; CARL B. NAGLE, individually; NAGLE & ASSOCIATES, P.A.; JOHN J. GELSHENEN, individually; DAVIS & GELSHENEN L.L.P.; MARK I. FARBMAN, individually; MARK FARBMAN, P.A.; TED A. GREVE, individually; TED A. GREVE & ASSOCIATES, P.A.; CHRISTOPHER T. MAY, individually; and ESTWANIK AND MAY, P.L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action alleging that the above-named Defendants violated the

Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* (ECF No. 5.) Before the

Court is a motion for reconsideration, (ECF No. 59), filed by Defendants Michael A. DeMayo;

the Law Offices of Michael A. DeMayo, P.C.; the Law Offices of Michael A. DeMayo, L.L.P.;

Jason E. Taylor; the Law Offices of Jason E. Taylor, P.C.; Benjamin T. Cochran; Hardison &

Cochran, P.L.L.C.; Carl B. Nagle; Nagle & Associates, P.A.; John J. Gelshenen; Davis & Gelshenen, L.L.P.; Ted. A. Greve; Ted A. Greve & Associates, P.A.; Christopher T. May; and Estwanik and May, P.L.L.C. (collectively, the "Moving Defendants"). Moving Defendants request that this Court reconsider two aspects of its Memorandum Opinion and Order entered September 29, 2017 (the "September 29th Order") denying their motion to dismiss: (1) its conclusion that Plaintiffs have standing to bring this action; and (2) its determination that the attorney advertising at issue is not protected by the First Amendment. (*Id.* at 2.) For the reasons that follow, the motion will be granted in part and denied in part.

## I.    BACKGROUND

The Court incorporates by reference the factual background set forth in its September 29th Order. (*See* ECF No. 35 at 2–4.) However, due to the timing of the instant motion, some quick procedural accounting is necessary. On December 1, 2017, the other defendants in this case[1] (the "Farbman Defendants") filed motions for reconsideration of the September 29th Order, or, in the alternative, judgment on the pleadings.[2] (ECF No. 45.) Before the Court ruled on those motions, the Moving Defendants filed the instant motion for reconsideration and an accompanying brief in support on October 26, 2018. (ECF Nos. 59; 61.) Then, on November 15, 2018, this Court issued a memorandum opinion and order granting in part and

---

[1] Defendants Mark I. Farbman and Mark Farbman, P.A.

[2] The motions were captioned in the alternative and housed in a single pleading entitled "Motion for Reconsideration of the Court's Ruling on their Motion to Dismiss and Alternative Motion for Judgment on the Pleadings." (ECF No. 45 at 1.) However, the Court recognized the two motions as independent. (ECF No. 63 at 2.)

denying in part the Farban Defendants' motions (the "November 15th Order"). (ECF No. 63.)

In its November 15th Order, this Court acknowledged that it had previously erred by failing to recognize the First Amendment's applicability to the attorney advertising at issue in this case. (*See id.* at 5–9.) As a form of commercial speech, attorney advertising implicates the First Amendment so long as its content is neither false, misleading, nor related to unlawful activity. (*Id.* at 6 (citing *Cent. Hudson Gas Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 563–64 (1980)).) However, as the Court explained, commercial speech is typically afforded "lesser protection" than "other constitutionally guaranteed expression." (*Id.* at 7 (citation omitted).) Accordingly, Defendants' challenges to the DPPA require the application of 'intermediate scrutiny' in line with the four-part test laid out in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 566 (1980). (*Id.* at 7–8.)

While the Court accepts *Central Hudson* as the appropriate framework, the absence of a developed factual record at the time of the November 15th Order prevented the Court from deciding whether, as applied to Defendants' alleged conduct, the DPPA passes muster. (*See id.* at 9.) That determination speaks directly to the First Amendment aspects (and main thrust) of Moving Defendants' instant motion for reconsideration. Nevertheless, the parties involved in the instant motion filed normal response and reply briefing after the November 15th Order was issued, which the Court now considers along with the other relevant filings. (*See* ECF Nos. 68; 76.)

## II. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b). That power is "committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515. Although the Rules "do not set out a[ ] standard for reconsideration of interlocutory orders," most courts have "adhered to a fairly narrow set of grounds" in assessing a Rule 54(b) motion: whether "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *See Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). In general, Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

## III. DISCUSSION

### A. Standing

Moving Defendants first ask the Court to reconsider its conclusion that Plaintiffs have standing to sue under the DPPA. (*See* ECF No. 59 at 3.) As discussed in the September 29th Order, to determine "whether an intangible harm constitutes an injury in fact," the Court considers (1) whether Congress has identified and elevated a "*de facto* injur[y] that [was] previously inadequate in law" to the status of legally cognizable, concrete injury and (2)

whether the alleged injury bears a close relationship to a "harm that has traditionally . . . provid[ed] a basis for a lawsuit" at common law. (*See* ECF No. 35 at 7–8 (citations omitted).) In light of the DPPA's purpose and the alleged harms' close relation to traditional invasion-of-privacy torts, the Court concluded that "Plaintiffs' allegation that Defendants obtained, disclosed, or used Plaintiffs' personal information without consent sets forth a concrete injury." (*See id.* at 9.)

Nearly a year after the September 29th Order was issued, the Fourth Circuit decided *Hartford Casualty Insurance Co. v. Greve*, 742 Fed. App'x 738 (4th Cir. 2018) (per curiam) (unpublished). Appellants Ted A. Greve & Associates, PA and Ted A. Greve (collectively, "Greve"), who are defendants here, "tendered defense" of this action to Hartford Casualty Insurance ("Hartford") under two business liability insurance policies. *See Hartford*, 742 Fed. App'x at 739. The policies generally obligated Hartford to defend and indemnify Greve against suits for personal and advertising injury. *Id.* However, the policies also contained two limiting provisions, which excluded coverage for injuries arising out of (1) "the violation of a person's right of privacy created by any state or federal act, *unless the liability would have occurred even in the absence of a state or federal statute*" or (2) "a statute, ordinance, or regulation that prohibits or limits the sending, transmitting, communicating or distribution of material or information." *Id.* at 739–40 (emphasis added).

Hartford argued that this action falls within both exclusions and refused to defend Greve. *Id.* at 740. In response, Greve contended that "because the plaintiffs in the underlying actions could potentially state a claim for invasion of privacy under North Carolina common law, the exception to the [privacy] exclusion applies." *Id.* at 741. Ultimately, the Fourth Circuit

sided with Hartford, concluding that "the facts alleged in the underlying actions could not state a claim for" any of the invasion-of-privacy torts recognized under North Carolina common law. *Id.*

Moving Defendants argue that *Hartford* undermines this Court's earlier ruling on standing, which was based in part on the alleged injuries' close resemblance to invasion of privacy. (*See* ECF No. 61 at 4–5.) However, the *Hartford* decision does not contravene this Court's prior analysis. In the September 29th Order, this Court agreed that "Plaintiffs may not be able to state a claim under one of the four invasion of privacy torts" recognized at common law. (ECF No. 35 at 9.) However, as the Court further explained, because "the concreteness inquiry only asks whether an alleged harm is *closely related* to a cognizable harm," (*Id.* (emphasis added)), Plaintiffs need not actually allege a recognized tort to acquire standing. Accordingly, the Court's determination that Plaintiffs have standing remains unchanged.

### B. First Amendment Protection

Next, Moving Defendants ask the Court to reconsider its earlier determination, (*see id.* at 22), that the attorney advertising at issue in this case is not protected by the First Amendment, (ECF No. 61 at 5.) As discussed above, in addressing the Farbman Defendants' motion for reconsideration, this Court came to agree that Defendants' advertising *does* implicate the First Amendment.[3] (*See* ECF No. 63 at 6–9.) The Court incorporates by reference its First Amendment discussion from the November 15th Order in full. (*See id.*)

---

[3] Moving Defendants argue, as the Farbman Defendants have, that recent Supreme Court cases have "raised the level of scrutiny" that applies to commercial speech. (*See* ECF No. 61 at 13.) As explained in the Court's November 15th Order, however, these cases "did not abrogate the *Central Hudson* test for restrictions on commercial speech." (ECF No. 63 at 7 n.4.)

However, as further explained in the November 15th Order, Defendants' as-applied challenges to the DPPA's constitutionality cannot be properly assessed without further development of the factual record. (*See id.* at 9.) Thus, the Court declines to revisit its First Amendment analysis at this time.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Moving Defendants' motion for reconsideration, (ECF No. 59), is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to the extent Moving Defendants seek modification of the Court's September 29th Order denying Moving Defendants' motion to dismiss Plaintiffs' complaint.

The motion is GRANTED to the extent that the Court has corrected, in its November 15, 2018 Memorandum Opinion and Order, the failure in its September 29th Memorandum Opinion to apply the *Central Hudson* analysis to Moving Defendants' speech to determine whether the DPPA's restriction on such speech is constitutionally permissible. This error, however, does not alter the ultimate ruling in the September 29th Order.

This, the 8th day of January 2020.

/s/Loretta C. Biggs
United States District Judge