IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN HATCH, MARK DVORSKY, and KELLY EPPERSON, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:16CV925 |
| MICHAEL A. DEMAYO, individually; THE LAW OFFICES OF MICHAEL A. DEMAYO, P.C.; LAW OFFICES OF MICHAEL A. DEMAYO, L.L.P.; JASON E. TAYLOR, individually; LAW OFFICES OF JASON E. TAYLOR, P.C.; BENJAMIN T. COCHRAN, individually; HARDISON & COCHRAN, P.L.L.C; CARL B. NAGLE, individually; NAGLE & ASSOCIATES, P.A.; JOHN J. GELSHENEN, individually; DAVIS & GELSHENEN L.L.P.; MARK I. FARBMAN, individually; MARK FARBMAN, P.A.; TED A. GREVE, individually; TED A. GREVE & ASSOCIATES, P.A.; CHRISTOPHER T. MAY, individually; and ESTWANIK AND MAY, P.L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs bring this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* (ECF No. 100.) Pursuant to the protective order entered in this case, (ECF No. 103), the parties and others seek to partially seal several documents filed in connection with Plaintiffs' motion for class certification, (ECF No. 104). A total of five motions are before the Court:

- Plaintiffs move to partially seal Exhibits G, H, K, L, M, N, P, T, V, W, Z, AA, CC, and HH, (ECF Nos. 105-7; 105-8; 105-11; 105-12; 105-13; 105-14; 105-16; 105-20; 105-22; 105-23; 105-26; 105-27; 105-29; 105-34), attached to their brief in support of class certification, (ECF 105), as well as references to said exhibits in the brief itself. (*See* ECF No. 107.)

- Third Party Kevin Creech likewise moves to seal parts of Exhibit HH, (ECF No. 105-34), attached to Plaintiffs' brief in support of class certification. (*See* ECF Nos. 119; 120 at 1.)

- Defendants Mark Farbman, P.A. and Mark I. Farbman (the "Farbman Defendants") move to seal portions of Exhibit N, (ECF No. 130-12), attached to their brief in opposition to class certification. (*See* ECF Nos. 131; 132 at 1.)

- In a separate motion, the Farbman Defendants seek to provisionally seal documents intended to serve as Exhibits D, E, and F, (ECF Nos. 133-1; 133-2; 133-3), to their brief in opposition to class certification. (*See* ECF No. 133.)

- Lastly, the remaining Defendants (the "Womble Defendants") move to partially seal Exhibits B, C, D, E, F, G, H-1 and I-1 (ECF Nos. 134-2; 134-3; 134-4; 134-5; 134-6; 134-7; 134-10; 134-12), attached to their brief in opposition to class certification, as well as certain references to the affidavit of Kevin Creech which appear therein.[1] (*See* ECF No. 135.)

"[T]he courts of this country recognize a general right to inspect . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). However, "[w]hile the common law presumption in favor of access attaches

---

[1] There is no specific mention of Exhibits H-1 and I-1 in the Womble Defendants' motion to seal or the parties' related briefing. (*See* ECF Nos. 135; 136; 139.) However, the Womble Defendants have filed confidential, unredacted versions of those exhibits alongside the other documents they wish to seal. (*See* ECF Nos. 137-7; 137-8.) Accordingly, the Court will examine whether it is appropriate to partially seal Exhibits H-1 and I-1.

2

to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted). Thus, in any given case, some documents will "fall within the common law presumption of access," others will be "subject to the greater right of access provided by the First Amendment," and some "may not qualify as 'judicial records' at all." *See United States v. Moussaoui*, 65 Fed. App'x 881, 889 (4th Cir. 2003).

In weighing the instant motions to seal, the Court must first determine the source of the public right of access, if any, applicable to the documents at issue. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). As this Court has previously explained, "[t]here does not appear to be a First Amendment right of access" to briefs and exhibits filed in connection with a motion for class certification. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013). Nevertheless, as "documents filed with the court that play a role in the adjudicative process," briefs and exhibits filed in connection with a motion for class certification are considered "judicial records" to which the common-law presumption of access attaches. *See id.* at 727–29 (citing *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013)).

The common-law presumption of access may be overcome when "there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)). The burden of establishing such a countervailing interest rests with the party (or parties) seeking to keep the information sealed. *See Rushford v. New Yorker Magazine, Inc.*, 846

3

F.2d 249, 253 (4th Cir. 1988). In considering whether a party has met its burden, the Court must "weigh the appropriate competing interests" utilizing the following procedure: first, it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; second, it must consider less drastic alternatives to sealing; and third, if it decides to seal it must state the reasons for its decision and the reasons for rejecting alternatives to sealing. *See Va. Dep't of State Police*, 386 F.3d at 576.

In the instant case, public notice of the requests to seal was first given in October, November, and December of last year when the parties and Mr. Creech filed their motions to seal and accompanying briefs. (*See* ECF Nos. 107; 119; 131; 133; 135.) No objections have been raised since that time. Furthermore, the Court finds that the parties have narrowly tailored their proposed redactions to allow for public access to the vast majority of the filings—a less drastic alternative to sealing the documents in their entireties.

Turning to the substance of the requests: broadly speaking, the movants have raised two "countervailing interests" which they contend are potent enough to overcome the common-law presumption of access. First and foremost, Defendants and Mr. Creech assert that many of the documents at issue contain sensitive business-practice information—what the Womble Defendants call "confidential and proprietary case-selection criteria and strategies." (ECF No. 136 at 7; *see also* ECF Nos. 119.) The Fourth Circuit has recognized that a firm "may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *See Doe*, 749 F.3d at 269; *see also Sims v. BB&T Corp.*, 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018) (noting that "[b]usiness information that might harm a litigant's

4

competitive standing may be a sufficient interest to overcome [even] the First Amendment right of access" (quotations omitted)). As explained below, the Court has reviewed those documents flagged as containing sensitive business information and concludes that each should be sealed in the manner the movants request.

The second asserted "countervailing interest" appears to be the protection of personal information—primarily names and addresses—contained in accident reports generated by North Carolina law enforcement. (*See* ECF Nos. 133 at 1; 139 at 2.) While some of the accident reports are from accidents involving Plaintiffs (and therefore only contain information tied to Plaintiffs and the other drivers involved), others are from accidents involving only non-parties. The Farbman Defendants move to provisionally seal several accident reports at Plaintiffs' behest. (*See* ECF No. 133 ¶ 5.) However, in so doing, the Farbman Defendants assert that the reports "have been available on the internet for years . . . for any member of the public to view" and are therefore unworthy of protection. (*See id.* ¶¶ 3–4.) One would think that, given their opponents' insistence that the reports should *not* be sealed, Plaintiffs would put forth at least *some* argument in favor of sealing. Plaintiffs do no such thing; rather, they use the two paragraphs of substantive argument in their omnibus response brief to criticize Defendants' efforts to seal business information. (*See* ECF No. 139 at 2.)

This Court's local rules require that, at a bare minimum, parties seeking confidentiality "[s]tate the reasons why sealing is necessary." *See* L.R. 5.4(b). However, no party in this case has argued in earnest that the accident reports (and the information contained therein) should remain shielded from public view. Thus, the parties' requests to seal the accident reports will

be denied. *See* LR 5.4.(d) (making clear that, when a party claiming confidentiality fails to explain why sealing is necessary, the motion "will ordinarily be denied and the materials will be unsealed"). That does not mean, however, that unredacted versions of the accident reports should be publicly filed at this stage of the litigation. While acknowledging Defendants' assertion that the accident reports are already publicly accessible to a certain degree, the Court nevertheless has misgivings about needlessly publicizing non-party names, addresses, and vehicle information. Furthermore, it is unclear to the Court at this time what evidentiary purpose non-party accident reports can serve that the reports of accidents involving Plaintiffs cannot. For these reasons, the Court will order, *sua sponte*, that all non-party identifying information be redacted from any accident reports filed in connection with the instant motion for class certification. *See* Fed. R. Civ. P. 5.2(e)(1) ("For good cause, the court may by order . . . require redaction of additional information.").[2]

### A. Plaintiffs' and Mr. Creech's Motions to Seal

At the request of Defendants and Mr. Creech, Plaintiffs have partially redacted certain affidavits, discovery materials, and deposition transcripts in connection with their motion for class certification. (*See* ECF No. 107 at 2.) With the exception of Mr. Creech's affidavit, the redacted information pertains to "the process and procedures that [the Defendant law firms] use in operating their direct mail programs, including case selection information." (*See* ECF No. 122 at 6.) According to Defendants, each law firm's case selection process is unique and valuable. (*See, e.g.*, ECF No. 136 at 8.) To avoid losing their competitive edge, Defendants

---

[2] The Court is not bound by this determination and may later unseal any filings. *See* Fed. R. Civ. P. 5.2(d).

have thus far kept their "screening criteria" private—not just from "the general public, including other law firms who compete for the same cases as Defendants," but "among the various Defendants" in this case as well. (*See* ECF Nos. 122 at 4–7; 136 at 3; 136-1 ¶¶ 4, 7.)

The public retains a strong interest in transparency when a court is considering whether or not to certify a class. *See Cochran*, 931 F. Supp. 2d at 730 ("Because lawsuits filed on behalf of a class potentially affect the rights of persons who are not parties to the case, transparency has heightened value in class actions."). However, the common-law right of inspection is not absolute, and courts may act to ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598. Defendants have shown that they strive to keep their selection strategies confidential, and that disclosure threatens to allow competitor firms to replicate those strategies to their disadvantage. (*See, e.g.*, ECF No. 122 at 4–7); *see also Sims*, 2018 WL 3466945, at *2. Moreover, the parties' redactions are narrowly tailored and unlikely to diminish public understanding of the Court's decision on class certification. *Cf. Volvo Grp. N. Am., LLC v. Forja de Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 6307540, at *2–3 (M.D.N.C. Nov. 25, 2019) (permitting selective redaction of business information but denying wholesale sealing of contract integral to summary judgment decision). For these reasons, the Court finds that the partial sealing of Plaintiffs' Exhibits G, H, K, L, M, N, P, T, V, W, Z, AA, and CC is appropriate at this time.[3]

---

[3] According to the Farbman Defendants, the parties have agreed that Plaintiffs will substitute into the public docket new versions of Exhibits Z and AA which avoid the need for redaction. (*See* ECF No. 121 at 1–2.) However, it does not appear to the Court that such substitutions have been made. If the parties still intend to change the substance of Exhibits Z and AA as they have agreed, they shall do so without delay.

Likewise, Mr. Creech has demonstrated that the partial sealing of his affidavit—Plaintiffs' Exhibit HH—and the redacting of references to the information contained therein, is warranted. At the time his affidavit was filed, Mr. Creech was president of Digital Solutions of The Carolinas, Inc. ("Digital Solutions"), a data-mining company that collected and sold information from accident reports to Defendants. (ECF Nos. 105-34 ¶¶ 1–3; 120 at 1). The four redacted paragraphs of Mr. Creech's affidavit describe "the specific ways Digital Solutions gets copies of the accident reports, the specific data points that Digital Solutions extracts from the accident reports, and how Digital Solutions compiles and filters that information for [its] clients." (ECF No. 120 at 2.) The Court recognizes Mr. Creech's significant interest in maintaining the confidentiality of these processes and does not see an overriding need for public disclosure. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (M.D.N.C. 1991) ("[S]trategies, techniques, goals and plans, can be the lifeblood of a business.").

**B. The Farbman Defendants' Motions to Seal**

The Farbman Defendants contend that "the class proposed for certification by the Plaintiffs would subject [them] to an annihilating liability that is an impermissible aggregation of statutory-damage awards." (*See* ECF No. 132 at 2.) In support of this argument, they offer the declaration of Mark I. Farbman—Exhibit N attached to their brief in opposition to class certification—which contains financially sensitive information related to the Farbman Defendants' assets. *See id.* The publicly filed version of that declaration redacts a very small subset of this information—four numbers, nothing more. (*See* ECF No. 130-12 ¶¶ 12, 15.) Having reviewed the unreacted version of the declaration under seal, the Court agrees with the Farbman Defendants that their interests "in protecting this information greatly outweigh

8

the public's negligible interest in accessing confidential information relating to their private financ[es]." (ECF No. 132 at 5.)  Accordingly, the Farbman Defendants' motion to partially seal the declaration will be granted.

Additionally, the Farbman Defendants move to provisionally seal certain accident reports which they intend to file as Exhibits D, E, and F to their brief in opposition to class certification.  (*See* ECF No. 133.)  As discussed above, because no party has even attempted to explain to the Court why these records should be sealed, the Farbman Defendants' motion for provisional sealing must be denied.  However, in an effort to protect the identifying information of individuals wholly uninvolved in this case, the Court will, by its own power, order the redaction of non-party names, addresses, and vehicle information.

### C. The Womble Defendants' Motion to Seal

Finally, the Womble Defendants' move to seal portions of six depositions, filed as Exhibits B, C, D, E, F and G to their brief in opposition to class certification, as well as two accident reports, filed as Exhibits H-1 and I-1.  (*See* ECF No. 135; *supra* n.1.)  As with the documents containing sensitive business information discussed above, the Womble Defendants contend that the deposition excerpts deserve protection because they (1) "describe in detail Defendants' case-selection criteria and strategies used in screening automobile accident reports"; (2) are currently unknown to the general public and competing firms; and, (3) if disclosed, could pose a competitive disadvantage to Defendants.  (*See id.* at 2–3.)  The Court has reviewed the unredacted versions, finds that the Womble Defendants' interest in nondisclosure is substantial, and agrees that sealing is warranted.  However, the same cannot be said for the accident reports—though filed under seal, Exhibits H-1 and I-1

9

are not mentioned specifically anywhere in the briefing.  Once again, given this complete lack of attention, the Court can only assume that the parties' interest in sealing the accident reports is insubstantial.  Nonetheless, the Court will, on its own initiative, order the redaction of non-party identifying information contained therein.

      For the reasons stated herein, the Court enters the following:

**[Order to Follow]**

# ORDER

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Seal, (ECF No. 107), Third Party Kevin Creech's Motion to Seal, (ECF No. 119), and the Farbman Defendants' Motion to Seal, (ECF No. 131), are GRANTED.

It is FURTHER ORDERED that the Farbman Defendants' Motion for Provisional Sealing, (ECF No. 133), is DENIED. However, the Court orders *sua sponte* that the Farbman Defendants shall file versions of Exhibits D, E, and F, (ECF Nos. ECF Nos. 133-1; 133-2; 133-3), which redact all names, addresses, and vehicle information of non-parties.

It is FURTHER ORDERED that the Womble Defendants' Motion to Seal, (ECF No. 135), is GRANTED IN PART and DENIED IN PART. The motion is granted as to Exhibits B, C, D, E, F, and G, (ECF Nos. 134-2; 134-3; 134-4; 134-5; 134-6; 134-7). The motion is denied as to Exhibits H-1 and I-1, (ECF Nos. 134-10; 134-12). However, the Court orders *sua sponte* that the Womble Defendants shall file versions of Exhibits H-1 and I-1 which redact all names, addresses, and vehicle information of non-parties.

This, the 6th day of April 2020.

/s/Loretta C. Biggs
United States District Judge