IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN HATCH, *et al.*, on behalf of themselves and others similarly situated, )
)
)
Plaintiffs, )
)
v. ) 1:16CV925
)
MICHAEL A. DEMAYO, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

In this putative class-action lawsuit, Plaintiffs allege that Defendants violated the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.* ("DPPA"), by obtaining their names and addresses from automobile accident reports and using that information for marketing purposes. (*See* ECF No. 100.) Before the Court is a motion to strike the operative complaint's class allegations, filed by all but two of the named Defendants[1] (the "Moving Defendants") pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 109.) As framed in the briefs, the instant motion presents a single, narrow question: whether the text of the DPPA "contains a statutory bar prohibiting aggregated or class action litigation." (ECF No. 110 at 2.) Because the Court concludes that no such bar exists, the motion will be denied.

Federal Rule of Civil Procedure 23 provides that a class action "may be maintained" if certain preconditions are satisfied. Fed. R. Civ. P. 23(b). As the Supreme Court has explained,

---

[1] Defendants Mark I. Farbman and Mark Farbman, P.A. did not join in the instant motion.

"[t]he discretion suggested by Rule 23's 'may' is discretion residing in the plaintiff," who may choose, in any given case, whether to bring her claims through an individual suit or in the form a class action. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010). Congress has the power to carve out exceptions to this general authorization, "either by directly amending [Rule 23] or by enacting a separate statute overriding it in certain instances." *Id.* However, absent such an exception, Rule 23 empowers federal courts to "certify a class in each and every case where the Rule's criteria are met." *Id.* at 399–400.

In relevant part, the DPPA provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter *shall be liable to the individual to whom the information pertains*, who may bring a civil action in a United States district court." 18 U.S.C. § 2724(a) (emphasis added). According to the Moving Defendants, this language creates an exclusive "statutory privity," running only between a defendant (who improperly obtained, disclosed, or used personal information) and a plaintiff ("to whom the information pertains"), which precludes any and all representative actions. (ECF No. 110 at 5.) The Court disagrees.

Congress knows how to create exceptions to Rule 23's general authorization of class actions—it did not create one here. As an example, compare the statute at hand, which places no explicit limitation on class actions, to the clear directive in 8 U.S.C. § 1252 that "no court may . . . certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection." *See* 8 U.S.C. § 1252(e)(1). Nor does it matter that the DPPA fails to expressly permit class actions, as Moving Defendants argue. "[L]ike the rest of the Federal Rules of Civil Procedure, Rule

2

23 *automatically* applies 'in all civil actions and proceedings in the United States district courts.'" *See Shady Grove,* 559 U.S. at 400 (quoting Fed. R. Civ. P. 1 and noting that Rule 23 authorizes class actions "across the board").

If the Court were to accept the Moving Defendants' reading, class representation would be unavailable in any suit arising out of a statute that provides for an individualized private cause of action where such statute does not explicitly authorize a class action. Yet class actions for violations of such statutes are routinely maintained even though the statute itself does not explicitly provide for such action. For example, the Telephone Consumer Protection Act of 1991 ("TCPA") provides that "[a] person or entity may . . . bring . . . an action based on a violation" of the privacy-protection provisions outlined therein. *See* 47 U.S.C. § 227(b)(3). The TCPA says nothing about class actions; however, the Fourth Circuit recently upheld class certification in a TCPA suit. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 655, 663 (4th Cir. 2019) (noting that the TCPA's private right of action "offers many advantages for class-wide adjudication"). Likewise, the familiar language of 42 U.S.C. § 1983 provides—in a formulation strikingly similar to the DPPA's—that "[e]very person who, under color of [state law], subjects . . . any . . . person within the jurisdiction [of the United States] to the deprivation of [federal rights], *shall be liable to the party injured in an action at law.*" *See* 42 U.S.C. § 1983 (emphasis added). However, Courts regularly certify classes in § 1983 suits. *See, e.g.*, *Kirby v. Blackledge*, 530 F.2d 583, 588 (4th Cir. 1976); *Scott v. Clarke*, 61 F. Supp. 3d 569, 591 (W.D. Va. 2014).

In short, the Court finds no basis for the Moving Defendants' contention that the language of the DPPA precludes class actions, as a general matter.[2] That is not to say, of course, that the classes and subclasses proposed in *this suit* are certifiable; the Court will make that determination separately. Thus, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that the Moving Defendants' Motion to Strike Class Allegations, (ECF No. 109), is DENIED.

This, the 26th day of June 2020.

/s/ Loretta C. Biggs
United States District Judge

---

[2] In a secondary argument, the Moving Defendants suggest that class actions cannot be permitted for DPPA violations because "if a DPPA class could be certified for settlement or judgment, the class members would be informed of the settlement by [unsolicited] letter"—"the same type of purported harm . . . which Plaintiffs are suing to prevent." (*See* ECF No. 110 at 6.) However, the DPPA permits the use of protected information "in connection with any civil . . . proceeding in any Federal, State, or local court . . . including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders." *See* 18 U.S.C. § 2721(b)(4).