IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHNATHAN HATCH, et al., ) | |
| *on behalf of themselves and others similarly situated*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:16CV925 |
| ) | |
| MICHAEL A. DEMAYO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action alleging that the above-named Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, by obtaining their names and addresses from automobile accident reports and using that information to advertise legal services. (ECF Nos. 1; 5; 100.) On January 22, 2021, the Court granted summary judgment on all counts in favor of Defendants. (ECF No. 240.) Before the Court is Plaintiff's Motion to Alter, Amend, and/or to Grant Relief from Order on Summary Judgment Motions. (ECF No. 242.) For the reasons set forth below, Plaintiffs' motion will be denied.

**I.     BACKGROUND**

The DPPA holds liable certain parties for the misuse of a driver's information if that data has been collected from a "motor vehicle record." 18 U.S.C. § 2724(a). In their

complaint,[1] the three named Plaintiffs alleged that they were each involved in car accidents. (ECF No. 100 ¶¶ 28, 40, 52.) In each accident, either local police officers or North Carolina State Highway Patrol troopers investigated and recorded their findings on a standard DMV-349 form that was then provided to the state's Division of Motor Vehicles ("DMV"). (*Id.* at ¶¶ 29–30, 41–42, 53–54; *see also* ECF No. 187-31 at 2–3.) To complete the form's driver identification fields, the investigating officers first asked each Plaintiff for his or her driver's license before then transcribing all of the needed information onto the form. (*Id.*) In each instance, the investigating officers also asked the Plaintiff whether the information on his or her license was accurate. (*Id.* ¶¶ 31, 43, 55.) When each Plaintiff answered in the affirmative, the officer checked a box to indicate that the address entered onto the form matched the address on the driver's license. (*Id.*)

In the weeks that followed, Plaintiffs received unsolicited marketing materials from various North Carolina attorneys and law firms, including Defendants, who had obtained their names and addresses from their respective DMV-349 accident reports. (*Id.* ¶¶ 37, 49, 61, 64.) In some cases, Defendants collected information from Plaintiffs' DMV-349s themselves, and in other cases they purchased accident report data aggregated by a third party. (*Id.* ¶ 67.) Although Plaintiffs reported that the "State of North Carolina considers a DMV-349 to be a motor vehicle record," (*id.* ¶ 24), they did not cite to any legal authority for such a finding nor did they argued in their briefing that this is the case, (*see* ECF No. 187 at 31–39). Rather, they contended that the information included in the report may be traced back to such records and thus fall under the ambit of the DPPA. (*Id.* at 39.) Therefore, the central question forming

---

[1] The complaint referenced throughout this Opinion is the Second Amended Complaint, (ECF No. 100).

the basis of this lawsuit was whether, as Plaintiffs alleged, Defendants' conduct in gathering personal information from DMV-349s and using it to market legal services is a violation of the DPPA.

## II. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). "Said power is committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515. The Fourth Circuit has held that Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," under Rule 59(e). *Id.* at 514. Nonetheless, courts in this Circuit have frequently looked to the standards under Rule 59(e) for guidance in considering motions for reconsideration under Rule 54(b).[2] Accordingly, reconsideration under Rule 54(b), like Rule 59(e), "is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Although Rule 54(b) motions for reconsideration are held to a less stringent standard than motions under Rule 59(e), such motions "should not be used

---

[2] *See, e.g., South Carolina v. United States*, 232 F. Supp. 3d 785, 792–93 (D.S.C. 2017); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 1435674, at *3 (N.D.W. Va. Apr. 25, 2012).

3

to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *Id.* at 793.

## III. DISCUSSION

In their motion, Plaintiffs argue that this Court emphasized two points in reaching its decision to grant summary judgment to Defendants. (ECF No. 243 at 6). The first point is

> (1) That Plaintiffs make "no allegations that the accident reports are 'motor vehicle records' under the DPPA nor that the personal information was obtained from a search of a DMV database."

(*Id.* (citing ECF No. 240 at 17–18).) Plaintiffs contend that they "did present in their summary judgment briefing an argument substantively identical to an allegation that DMV-349s are DPPA motor vehicles." (*Id.*) As evidence, they cite to a passage in their brief in which they argue, in essence, that "the information on the DMV-349 is the information on the license or in the DMV database." (*Id.* at 8–9 (citing ECF No. 187 at 39).) Though such an assertion fails to rebut the Court's original statement, Plaintiffs contend that the Court should alter its ruling and follow the lead of another court that "gave [plaintiffs] wide latitude in finding that [they] had actually raised this argument." (*Id.* at 10.) Yet Plaintiffs could have easily made the straightforward contention that DMV-349s were in fact motor vehicle records and chose not to do so. Given that there is no change in controlling authority nor clear error, the Court declines to now subsequently alter, amend, or reconsider its Order on such a basis.

The second, and final, point of emphasis which Plaintiffs dispute is the Court's finding

> (2) That "Plaintiffs point to no decision—nor has this Court been able to find one—where a defendant was adjudged liable as a matter of law for a DPPA violation after obtaining, disclosing, or using 'personal information' that was not gathered directly from a state DMV.

4

(ECF No. 243 at 6 (citing ECF No. 240 at 18).) Here, Plaintiffs cite extensively to *Gaston v. LexisNexis Risk Sols. Inc.*, 2020 U.S. Dist. 160012 (W.D.N.C. Sept. 2, 2020), in which the federal district court reached a different conclusion and found for Plaintiffs. Yet while the Court has great respect for the work of other federal courts, the decision in *Gaston* is no more binding on this case than this case is binding on *Gaston*. Further, a single, non-controlling case that has reached a different conclusion fails to persuade the Court that its decision—when viewed in the context of all of the other factors it considered—is plainly erroneous.

In sum, the Court finds that there has not been an intervening change in controlling law, no newly discovered evidence, nor clear error of law manifesting injustice. The Court therefore finds that Plaintiffs have failed to establish any basis under Rule 54(b), 59(e), or 60(b) for alteration, amendment, or reconsideration of its previous Order and will therefore deny Plaintiffs' motion.

For the reasons stated herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Alter, Amend, and/or to Grant Relief from Order on Summary Judgment Motions, (ECF No. 242), is DENIED.

This, the 24th day of March 2021.

/s/ Loretta C. Biggs
United States District Judge